IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY<br>*Plaintiff*<br><br>*v.*<br><br>KRYSTAL HASTING, INDIVIDUALLY AND<br>AS NEXT OF FRIEND OF Z*** R***,<br>A MINOR, NICHOLAS DOVALIS, AND<br>XTREME CARTAGE & WAREHOUSE<br>SYSTEMS, LLC<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO.  5:19-cv-1241 |

**ACE AMERICAN INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff ACE American Insurance Company ("ACE") files its Complaint for Declaratory Judgment against Krystal Hastings, Individually, and as Next Friend of Z*** R***, a minor, (the "underlying plaintiffs"), Nicholas Dovalis ("Dovalis"), and Xtreme Cartage & Warehouse Systems, LLC ("Xtreme") pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, and respectfully shows the Court as follows:

**I.**

**INTRODUCTION**

1. This is an action for declaratory relief pursuant to Title 28 U.S.C. § 2201, *et seq.,* in which ACE seeks a declaration concerning the existence and scope of its contractual obligations, if any, under its excess policy (Exhibit A) to defend and indemnify Dovalis and/or Xtreme and to pay a settlement or judgment against Dovalis and/or Xtreme and in favor of the underlying plaintiffs in Cause No. 2018-Cl-11269, Krystal Hastings, Individually, and as Next Friend of Z*** R***, a minor *v. Nicholas Dovalis* and Xtreme Cartage & Warehousing Systems LLC pending in the 285th Judicial District Court of Bexar County, Texas (the "underlying suit").

## II.

## THE PARTIES

2.     Plaintiff ACE is an insurance company organized and existing under the laws of the State of Pennsylvania and maintains its principal place of business in Pennsylvania.

3.     Defendant Krystal Hastings, Individually, and as Next Friend of Z*** R***, a minor, is an individual residing in Texas. A summons for this Defendant is not requested at this time.

4.     Defendant Nicholas Dovalis is an individual residing in Texas who may be served with process at 610 Buckle Court, San Antonio, Texas 78258.  A summons for this Defendant is requested.

5.     Defendant Xtreme Cartage and Warehousing Systems, LLC is a Texas limited liability corporation with it principal place of business located at 910 Foxton Drive, San Antonio, Texas 78260-7749.  It may be served with process on its registered agent, Legalinc Corporate Services, Inc., at 10601 Clarence Drive, Suite 250, Frisco, Texas 75033-3864.  A summons for this Defendant is requested.

## III.

## JURISDICTION AND VENUE

6.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.* for the purpose of determining questions of actual controversy between the parties as more fully appears below.  Jurisdiction in this action is based upon Title 28 U.S.C. § 1332(a), there being complete diversity of citizenship between ACE and the other parties.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This Court therefore has jurisdiction over this dispute.

7.      Venue is proper in the Western District of Texas under 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to this action occurred within the Western District of Texas.  The underlying suit, as to which ACE seeks a declaration of its obligations, is pending in Bexar County, Texas.  As stated above, all Defendants are parties to the underlying suit. Thus, any purported obligation to defend

or indemnify Dovalis and/or Extreme or pay any judgment in favor of the underlying plaintiffs and against Dovalis and/or Xtreme in the underlying suit falls within the San Antonio Division of the Western District of Texas.  Therefore, venue is proper here.

## IV.

## NATURE OF ADVERSARY PROCEEDING

8.      This is an insurance coverage dispute.  Defendants Dovalis and/or Xtreme are currently being defended in the underlying suit under a primary "minimum financial responsibility" policy ("MFR policy").  ACE seeks no declarations with respect to the MFR policy.  Rather, by the instant proceeding, ACE seeks a declaration from this Court that it has no duty pursuant to its excess policy (defined below) regarding the underlying suit.  Specifically, ACE seeks a declaration that it has no duty to defend or indemnify Defendants Dovalis and/or Xtreme in the underlying suit under the excess policy issued to Enterprise Rent-A-Car Company ("Enterprise").  Further, ACE seeks a declaration that it has no duty to pay any settlement or judgment that may arise in favor of the underlying plaintiffs and against Dovalis and/or Xtreme in the underlying suit under the excess policy.

## V.

## BACKGROUND

**A.  Underlying Suit**

9.      On June 19, 2018, the underlying suit was filed.  A true and correct copy of the Original Petition is attached here and incorporated by reference as Exhibit B.

10.     The underlying suit arises out of a motor vehicle accident on May 29, 2018.  The underlying suit alleges that Krystal Hastings was driving on State Highway 97 in Gonzales County with her minor child while Defendant Dovalis was driving a box truck rented from Enterprise by his employer, Xtreme. Dovalis admits he drank a 24-ounce beer less than an hour before the accident.  Krystal Hasting was

severely injured as a result of the accident, requiring a life flight to Austin, and her child suffered minor injuries.

11. A blood alcohol analysis performed after the accident showed Dovalis had an alcohol concentration of .13%, well above the legal limit for intoxication in Texas.

12. According to the underlying suit, at the time of the accident, Dovalis "was intoxicated and failed to drive in a single lane." (Original Petition, p. 3).

13. The underlying suit asserts negligence, negligence *per se* and gross negligence against Dovalis and seeks exemplary damages from Dovalis. The underlying suit further asserts *respondeat superior/*vicarious liability, course and scope of employment and seeks exemplary damages from Xtreme. The underlying suit also asserts negligent entrustment, hiring, training, supervision, monitoring and retention against Xtreme.

14. ACE issued an excess business auto policy no. SCA H0824134A to Enterprise for the policy period August 1, 2017 through August 1, 2018 (the "excess policy"). A certified copy of the excess policy is attached here and incorporated by reference as Exhibit A.

15. Section I - Covered Autos provides that "only those autos or the policy exposure basis identified on the declarations page for which this policy was rated are covered." The excess policy provides coverage for:

> **Any** "auto" provided on a short term rental to an "eligible renter(s)" of the Named Insured for which an executed written "master agreement" is in place between a Named Insured and such "eligible renter." Such "master agreement" must specify that the Named Insured will provide Liability Coverage to the "eligible renter" for the same Limit of Insurance as stated in the Declarations. "Eligible renters" will be on file with the Named Insureds.

16. The insuring agreement under Section II - Liability Coverage provides:

> Coverage: "We" will pay the "insured for the "ultimate net loss" in excess of the "retained limit" shown in the Declarations that the "insured" legally must pay as damages

because of "bodily injury" or "property damage" to which this policy applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto".

**This policy does not apply to defense**, investigation, settlement, or legal expenses, or prejudgment interest arising out of any "accident" but we shall have the right and opportunity to assume from the insured the defense and control of any claim or "suit", including any appeal from a judgment, seeking payment of damages covered under this policy arising out of such "accident" that we believe likely to exceed the "retained limit". In such event we and the insured shall cooperate fully. (Emphasis supplied.)

17. The excess policy contains the following relevant definitions:

"Accident" includes continuous or repeated exposure to the same condition resulting in "bodily injury" or "property damage."

"Auto" means a land motor vehicle, "trailer" or semi-trailer designed for travel on public roads but does not include "mobile equipment."

"Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

"Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought

"Loss" means direct and accidental loss or damage.'

"Ultimate net loss" means the total amount the insured is legally obligated to pay as damages for a covered claim or "suit" either by adjudication or a settlement to which we agree in writing, and includes deductions for recoveries and salvages which have or will be paid. "Ultimate Net Loss" does not include any of the expenses incurred by the insured or us in connection with defending the claim or "suit."

18. Pursuant to endorsement #6, the definition of "retained limit" is deleted and replaced with the

following:

The "retained limit" will be equal to the minimum financial responsibility limit required by state. "Retained limit" **does not** include **any prejudgment interest**, **interest** that accrues after entry of the judgment, nor **any expenses** incurred by the insured in the **defense** of **any** claim or "suit".

Further, the following relevant definitions are added:

"Authorized driver" means only those individuals who have a valid driver's license and are either:

5

    **a.**    named on the "rental agreement" or

    **b.**    are authorized drivers under a written agreement with one or more Named Insureds.

All other drivers are unauthorized, except where required by law. "Occupying" means in, upon, getting in, on or off the rental vehicle.

"Master agreement" means **any** written executed agreement entered into by the Named Insured and an Eligible Renter, which specifies that the Named Insured will provide liability coverage to the Eligible Renter.

"Rental agreement" means a signed agreement to rent or lease an "auto" that is entered into:

**a.** within the coverage territory and

**b.** with a covered date of loss within the **policy** period.

"Rental auto" means an "auto" furnished by the Named Insured under a "rental agreement."

"Eligible renter" means authorized renters of a corporate or other account of the named Insured.

19.    The Who is An Insured section of the excess **policy** provides: The following are "insureds" ...

    **a.**  Anyone else while using with your permission a covered "auto" you own, hire or borrow....

This section is amended as per endorsement 5, which provides that the Who Is An Insured (Section II) is amended to include **any** person(s) or organization(s) for whom you have agreed in a written contract to provide insurance but only for damages which are covered by this insurance; and which Enterprise has agreed to provide in such contract.

20.    The Who Is An Insured section is also amended by endorsement 13, which provides:

Section II- Liability Coverage, A - Coverage, 1. - Who Is An Insured, is amended to add "Renters" and "Authorized Drivers" as additional insured as long as the following criteria are met:

    **a.**    the "Renter" or "Authorized Driver" is "Occupying" the "Rental Auto" while the "Rental Auto" is being operated by the "Renter" or "Authorized Driver"; and

    **b.**    coverage has been afforded through and on file with Enterprise Rent-A-Car Company or any Named Insured acting as an "auto" rental facility, including, but not

limited to the entities listed in the "SCHEDULE OF NAMED INSUREDS" endorsement to this policy; and

**c.** all terms and conditions of the "Rental Agreement" and any master agreement governing the terms of rental have been met.

21. The excess policy excludes coverage for any "renter" or "authorized driver" for "bodily injury" or "property damage" which results from the use of the "rental auto" in a manner which is prohibited by the "rental agreement."

22. The rental agreement provides that a "vehicle shall not be driven by any person impaired by the use of narcotics, alcohol, intoxicants, or drugs, used with or without a prescription."

23. The excess policy does not apply to "Loss arising out of an "accident" which occurs while the "insured" is under the influence of alcohol or drugs unless prescribed a physician."

## C. Relevant Rental Agreement Provision

24. The rental agreement between Enterprise and X-Treme contains the following language:

> "THIS INSURANCE DOES NOT APPLY TO ANY BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF THE USE OF THE RENTAL VEHICLE BY ANY DRIVER WHILE UNDER THE INFLUENCE OF DRUGS OR ALCOHOL IN VIOLATION OF THE LAW."

## VI.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

25. Pursuant to the MFR policy, Dovalis and Xtreme are being provided a defense in the underlying suit. ACE seeks no declarations under the MFR policy, but rather denies defense and indemnity under the excess policy. Accordingly, a controversy exists regarding the extent, if any, of ACE's duties and obligations in or as to the underlying suit with respect to the excess policy.

26. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any

settlement or judgment against Dovalis and/or Xtreme because the underlying suit does not contain allegations falling within the insuring agreement.

27. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any settlement or judgment against Dovalis and/or Xtreme policy because the excess policy does not impose a duty to defend.

28. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any settlement or judgment against Dovalis and/or Xtreme policy because Dovalis does not qualify as an insured.

29. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any settlement or judgment against Dovalis and/or Xtreme policy because Dovalis was operating the vehicle illegally under the influence of alcohol.

30. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any settlement or judgment against Dovalis and/or Xtreme policy because Dovalis was not authorized to drive the vehicle at the time of the accident.

31. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any settlement or judgment against Dovalis and/or Xtreme policy because Dovalis did not meet all terms and conditions of the Rental Agreement and any master agreement governing the terms of the rental.

32. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any settlement or judgment against Dovalis and/or Xtreme policy because the accident resulted from the use of the "rental auto" in a manner which is prohibited by the rental agreement.

33. Under the excess policy, ACE seeks a declaration from this Court that it has no duty to defend or indemnify Dovalis and/or Xtreme in or as to the underlying suit and does not have a duty to pay any settlement or judgment against Dovalis and/or Xtreme policy because the loss arises out of an accident which occurred while Dovalis was under the influence of alcohol.

## VII.

## REQUEST FOR RELIEF

For the foregoing reasons, ACE requests that upon final disposition of this action, judgment will be rendered in favor of ACE declaring that, under the excess policy, ACE has no duty to defend or indemnify Defendants Dovalis or Xtreme or to pay any settlement or judgment in the underlying suit. ACE further requests any other relief to which it may be entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/ *Kent M. Adams*
By Kent M. Adams
Texas Bar No. 00869200
Marjorie C. Nicol
Texas Bar No. 00784684
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000 Phone
(713) 785-7780 Facsimile
kent.adams@wilsonelser.com
marjorie.nicol@wilsonelser.com
**ATTORNEYS FOR
ACE AMERICAN INSURANCE COMPANY**